IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICKIE LEE DURHAM AND
PRISCILLA DURHAM,

       Plaintiffs,

v.                                                                                    Civil Action No. 2:12-5077

HALLIBURTON ENERGY SERVICES, INC.
AND JOHN DOE,                                                               (Removed from the Circuit Court
                                                      of Kanawha County, WV
       Defendants.                                                       Civil Action No. 12-C-1604)

# NOTICE OF REMOVAL

       **COMES NOW** the Defendant, Halliburton Energy Services, Inc. (hereinafter "Halliburton"), by and through the undersigned counsel, James A. Varner, Sr., Debra Tedeschi Varner, Jeffrey D. Van Volkeburg, and the law firm of McNeer, Highland, McMunn and Varner, L.C., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby gives notice of the removal of this action from the Circuit Court of Kanawha County, West Virginia, Civil Action No. 12-C-1604, to the United States District Court for the Southern District of West Virginia, and states the following grounds for the removal:

## Grounds for Removal

       1.       The plaintiffs, Rickie Lee Durham and Priscilla Durham (hereinafter "Plaintiffs"), are citizens and residents of Mercer County, West Virginia.

       2.       Defendant Halliburton is incorporated in the State of Delaware and its principal place of business is in Texas.

3.     Plaintiffs allege that it is reasonably believed that Defendant John Doe is a resident of Pennsylvania.[1]

4.     On or about August 13, 2012, the above-captioned matter was commenced in the Circuit Court of Kanawha County, West Virginia.  A copy of the Complaint filed by Plaintiffs is attached hereto as "Exhibit A."

4.     Service of the Summons and Complaint in this action was accepted on behalf of Halliburton, by its statutory agent, on August 14, 2012.  ("Exhibit B").

5.     A copy of the docket sheet maintained by the Circuit Court of Kanawha County is attached hereto as "Exhibit C."  In addition, a certified copy of the entire file maintained by the Circuit Court of Kanawha  County has been requested and will be filed upon receipt.

6.     This notice is being timely filed within thirty (30) days after Halliburton was served with a copy of the summons and complaint, indicating that the case is removable.

7.     Upon information and belief, defendant John Doe has not been served.

8.     Federal removal jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332, as this civil action is a matter between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[2].

9.     While Plaintiffs' Complaint is silent as to the amount of damages being sought, they have alleged that Plaintiff Rickie Lee Durham suffered injuries to his right foot, right leg and various other parts of his body, all of which are or may be serious and permanent, that he has been or will

---

[1] Pursuant to 28 U.S.C. § 1441 (a), chapter, the citizenship of defendants sued under fictitious names shall be disregarded. Therefore, the court need not consider the citizenship of the "John Doe" defendant for purposes of establishing diversity jurisdiction.  *See Baker v. Purdue Pharma, L.P.* 2002 U.S. Dist. LEXIS 28129 (S.D.W. Va.  decided March 28, 2002).

[2] 28 U.S.C. § 1332 provides:
    (a) [t]he district courts shall have original jurisdiction of all civil actions
    where the matter in controversy exceeds the sum or value of $75,000,
    exclusive of interest and costs, and is between -
    (1) citizens of different States . . .

be obligated to undergo medical attention and care and to incur various expenses, that he has suffered a severe loss of her (sic) earnings and impairment of earning capacity and that he has suffered and may suffer physical and mental anguish and pain, suffering loss of life's pleasures and inconvenience.  The Plaintiff, Priscilla Durham, is alleged to have sustained a loss of consortium with her husband.  In additional, the Plaintiffs seek the recovery of punitive damages.

9. "For purposes of determining subject matter jurisdiction, the Court may consider 'the type and extent of [Plaintiffs'] claims, injuries and damages recoverable therefore . . ..'" *Green v. Metal Sales Manufacturing Corporation*, 394 F.Supp.2d 864, 866; 2005 U.S. Dist. LEXIS 39584 (S.D. W.Va. May 13, 2005), *quoting* in part *Watterson v. GMRI, Inc.*, 14 F. Supp.2d 844, 850 (S.D. W. Va. 1997).

10. The Court may also consider as evidence the judgment that would be entered if plaintiffs prevail on the merits of the case as it stands at the time of removal." *Green*, *supra* at 867, *quoting Watterson*, *supra* at 489.

11. When there is no *ad damnum* clause or settlement demand, the court has no information about what the plaintiff *claims* to be entitled to. Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof. *Scaralto v. Ferrell,* 826 F. Supp. 2d 960 (S.D.W.Va. 2011) citing *Rehkemper & Son, Inc. v. Indiana Lumbermens Mutual Ins. Co.*, No. 09-858, 2010 U.S. Dist. LEXIS 11637, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010).

12. Based on the "severe personal injuries" and "permanent bodily impairment" alleged by Plaintiffs, as well as those specific items of damage being sought, and punitive damages, the amount in controversy exceeds the minimum jurisdictional limit of $75,000.00.

**WHEREFORE**, Halliburton prays that the aforesaid civil action be removed from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, and that said State Court proceed no further with said action.

Respectfully submitted this 4th day of September, 2012.

**Defendant,**
**HALLIBURTON ENERGY SERVICES, INC.**
**By Counsel:**

*/s/ Debra Tedeschi Varner*

| | |
|---|---|
| James A. Varner, Sr. | (WV State Bar #3853) |
| Debra Tedeschi Varner | (WV State Bar #6501) |
| Jeffrey D. Van Volkenburg | (WV State Bar #10227) |

Empire Building - 400 West Main Street
P. O. Drawer 2040
Clarksburg, WV  26302-2040
Telephone: (304) 626-1100
Facsimile: (304) 623-3035

McNeer, Highland, McMunn and Varner, L.C.
        Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICKIE LEE DURHAM AND
PRISCILLA DURHAM,

      Plaintiffs,

v.                                         Civil Action No. 2:12-5077

HALLIBURTON ENERGY SERVICES, INC.
AND JOHN DOE,                   (Removed from the Circuit Court
                                              of Kanawha County, WV
      Defendants.                Civil Action No. 12-C-1604)

## **CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of September, 2012, the undersigned counsel served the foregoing "***NOTICE OF REMOVAL***" upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system; and/or (2) facsimile, and/or (3) depositing true copies in the United States Mail, postage prepaid, in envelopes addressed as follows:

Christopher J. Regan, Esquire
Jeremy M. McGraw, Esquire
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
*Fax (304) 242-3936*
*Counsel for Plaintiffs*

                                                                */s/ Debra Tedeschi Varner*