FILED
2012 AUG 13 AM 10:01
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RICKIE LEE DURHAM AND
PRISCILLA DURHAM

Case Number: 12-C-1604

Plaintiffs,

Judge: King

vs.

HALLIBURTON ENERGY SERVICES, INC.

and

JOHN DOE

Defendants.

### COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, Rickie Lee Durham and Priscilla Durham, by and through counsel, who for their complaint against the Defendants Halliburton Energy Services, Inc. and John Doe, state as follows:

1. The Plaintiffs, Rickie Lee Durham and Priscilla Durham, are husband and wife and reside together in Princeton, Mercer County, West Virginia.

2. Upon information and belief, Defendant Halliburton Energy Services, Inc. (hereinafter "Halliburton") is a corporation existing under the laws of the State of Texas and licensed to do business here in the State of West Virginia.

3. Upon information and belief, Defendant John Doe is an unidentified employee, agent, and/or servant of Defendant Halliburton who operated a forklift on or about October 5,



BORDAS AND BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

Exhibit A

2011 at a Halliburton facility located in or around Carmichaels, Pennsylvania. It is reasonably believed that this unidentified individual is a resident of Pennsylvania

4. Upon information and belief, Defendant Halliburton has business locations in Kanawha County, West Virginia

5. Upon information and belief, Defendant Halliburton owns and operates a business location at 1614 E. Roy Furman Highway, Carmichaels, PA.

6. In the fall of 2011 the Plaintiff, Rickie Lee Durham, was an owner/operator of a tractor trailer and working through ACME Truck Lines.

7. At no time was Plaintiff Rickie Lee Durham an employee of Defendant Halliburton.

8. Upon information and belief, ACME Truck Lines had contracts and or business arrangements with Defendant Halliburton for delivery services related to Halliburton goods and equipment throughout the nation.

9. On or about October 5, 2011, Plaintiff Rickie Lee Durham was dispatched by ACME Truck Lines to the Halliburton facility located in or around Carmichaels, PA to pick-up and then deliver certain goods and equipment including 18 foot long and 8 inch in diameter steel pipes commonly referred to as "stabilizers."

10. On or about October 5, 2011 Plaintiff Rickie Lee Durham entered into the Halliburton facility located in or around Carmichaels, PA to pick up a load of goods and equipment for delivery.

11. On or about October 5, 2011, Defendant Halliburton, by and through its

agents, employees and servants, required the Plaintiff to position his tractor trailer in a narrow, uneven, and unstable gravel parking/loading area so the truck could be loaded with the goods and equipment the Plaintiff was assigned to pick up and deliver.

12. At that time, Defendant Halliburton, by and through its agents, employees and servants prevented the Plaintiff from following appropriate and necessary safety precautions with regard to the loading and the securing of loads onto tractor trailers.

13. At that time, Defendant Halliburton, by and through its agents, employees and servants rushed the loading and securing of the load that the Plaintiff was to pick up.

14. At that time, Defendant Halliburton, by and through its agents, employees and servants permitted an un-trained and unqualified individual, Defendant John Doe, to operate a forklift while attempting to load 18 foot steel stabilizers pipes onto the Plaintiff's tractor trailer.

15. The forklift used by Defendant John Doe for the loading of the 18 foot steel stabilizers onto the Plaintiff's tractor trailer was inadequate to permit the safe loading of goods and equipment onto the Plaintiff's tractor trailer.

16. Defendant John Doe raised a load of stabilizers too high to be safely loaded onto the Plaintiff's tractor trailer.

17. Defendant John Doe attempted to place the forklift into reverse to readjust and reattempt the loading of the stabilizers onto the Plaintiff's tractor trailer.

18. Defendant John Doe lost control of the load of stabilizers on the forklift and the stabilizers fell from the forklift.

19. One of the stabilizers which fell from the forklift landed on and crushed the Plaintiff's right foot.

20. Defendant John Doe was negligent in the operation of the forklift in one or more of the following particulars:

    a. Raising an unsecured load of heavy material too high;

    b. Operating a heavily loaded forklift too quickly for the circumstances;

    c. Putting a heavily loaded forklift into reverse too quickly;

    d. Failing to properly monitor a heavy forklift load;

    e. Failing to warn surrounding individuals that he would be changing direction while holding a heavy unsecured load;

    f. Failing to use due care in the operation of a forklift; and

    g. Other acts and omissions both known and unknown to the Plaintiffs;

21. Defendant Halliburton is vicariously liable for the acts of its agents, employees, and/or servants pursuant to the legal doctrine of respondeat superior.

22. Defendant Halliburton was negligent in one or more of the following particulars:

    a. Failing to train individuals to operate forklifts;

    b. Failing to train individuals in the proper loading of tractor trailers;

    c. Permitting an unqualified individual to operate a forklift to load a tractor trailer;

    d. Requiring the Plaintiff to load his tractor trailer in an uneven and

4

unstable gravel loading area;

  e. Rushing the loading of the Plaintiff's tractor trailer;

  f. Failing to monitor the actions of its employees in the loading and securing of loads to tractor trailers; and

  g. Failing to provide proper equipment to permit the safe loading of tractor trailers.

23. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered injuries to his right foot, right leg, and various other parts of his body, all of which are or may be serious and permanent injuries.

24. As a further result of this accident, the Plaintiff has been or will be obliged to receive and undergo medical attention and care (to expend various sums of money or) to incur various expenses, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

25. As a further result of this accident, the Plaintiff has suffered a severe loss of her earnings and an impairment of his earning capacity and power which such loss of income and/or impairment of her earning capacity or power is reasonably expected to continue into the future.

26. As a result of said injuries, the Plaintiff has suffered and/or may suffer physical and mental anguish and pain, suffering, loss of life's pleasures and inconvenience.

27. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, Priscilla Durham has sustained a loss of consortium with her husband which loss is

5

reasonably certain to continue indefinitely into the future and which loss includes loss of the society, companionship and comfort of her husband, Rickie Lee Durham.

28. The actions of the Defendants, as set forth above, were committed willfully, maliciously, and/or carelessly and indicated a wanton disregard of the rights of the Plaintiffs and the community at large.

29. The Plaintiffs are entitled to recover punitive damages from the Defendants to punish and deter them from and others from similar conduct in the future.

WHEREFORE, the plaintiffs, Rickie Lee Durham and Priscilla Durham, respectfully pray that judgment be entered against the defendants, Halliburton Energy Services, Inc. and John Doe, in an amount which will fully and fairly compensate them for the injuries and damages they sustained in the past and are reasonably certain to sustain in the future, such amount to be determined by a jury, punitive damages in an amount to be determined by the a jury, prejudgment and post-judgment interest, attorney fees and costs expended in this action and for such other relief as this Court deems proper.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

Respectfully Submitted,
Rickie Lee Durham and Priscilla Durham
Plaintiffs

By: *[signature]*
CHRISTOPHER J. REGAN #8593
JEREMY M. MCGRAW #10325
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410
*Counsel for Plaintiffs*